UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID JOHNSTON,

           Plaintiff,

    v.

FORD MOTOR COMPANY; HERITAGE FORD; and DOES 1 through 10, inclusive,

           Defendants.

No. 2:23-cv-02034 WBS CSK

MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

----oo0oo----

      The parties settled this vehicular warranty action arising under California's Song-Beverly Act, Cal. Civ. Code § 1794, on May 13, 2025.  (Docket No. 16.)  On September 11, 2025, plaintiff filed a Motion for Attorneys' Fees, Costs, and Expenses.  (Docket No. 23.)  Plaintiff's counsel seeks a fee award of $58,375.20 comprised of (1) $36,926 in attorneys' fees, with a 1.35 multiplier enhancement; (2) $4,525.10 in costs and

1

expenses; and (4) $4,000 for reviewing defendants' opposition to their motion and preparing a reply[1]. (Id. at 9.) Defendants challenge various components of the requested fees. (See generally Docket No. 26.)

I.   Attorneys' Fees

"State law governs attorney's fees awards based on state fee-shifting laws," such as the Song-Beverly Act. Graham-Sult v. Clainos, 756 F.3d 724, 751 (9th Cir. 2014). The Song-Beverly Act provides that a prevailing buyer may recover "a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1095, 997 P.2d 511, 518 (2000), as modified (June 2, 2000). The court may adjust the lodestar "based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." Ketchum v. Moses, 24 Cal. 4th 1122, 1132, 17 P.3d 735, 741 (2001).

---

[1]   Ford does not contest the $4,000 plaintiff's counsel requests for reviewing Ford's opposition and filing a reply.

The number of hours reasonably expended is that which "could reasonably have been billed to a private client." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are 'excessive, redundant, or otherwise unnecessary.'" McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley v. Eckerhart, 416 U.S. 424, 434 (1983)). And "[a] reasonable hourly rate is that prevailing in the community for similar work." PLCM Grp., 22 Cal. 4th at 1095.

Plaintiff's counsel proposes a lodestar figure of $49,850.10 based on 74.3 hours billed by fifteen attorneys, at hourly rates ranging from $195 per hour to $650 per hour. (See Docket No. 23-1 at 3, 36-39.) Defendants' counsel challenge both the number of hours expended and the hourly rates. (See Docket No. 26.)

i.  Hours Expended

Defendants' counsel argue that plaintiff's counsel billed an excessive number of hours for preparing (1) their Motion to Compel the Deposition of Ford's Person Most Knowledgeable, (2) standard meet and confer letters, (3) and amended notices of depositions because these documents consisted of "recycled template motions, requiring only minimal modifications to add case-specific information." (See Docket No. 26 at 8-11.)

The court agrees. The Motion to Compel here appears to be virtually identical to motions to compel plaintiff's counsel

3

has filed in similar cases.  (See Docket Nos. 26-2 (motion to compel in this case), 26-3 (nearly identical motion to compel in another Song-Beverly case), 26-4 (nearly identical motion to compel in another Song-Beverly case)).  12.7 hours to draft and finalize a template motion is excessive.  See, e.g., Owen v. Hyundai Motor Am., No. 2:22-cv-00882 KJM CKD, 2024 WL 3967691, at *5 (E.D. Cal. Aug. 28, 2024) (finding 2.7 hours to draft and revise a template complaint to be excessive).  Accordingly, 12 hours will be deducted from Ms. Ringstad's time spent drafting and finalizing the motion to compel.

Defendants also ask this court to deduct the 1.7 hours Mr. Campbell billed to prepare for and attend the hearing on plaintiff's Motion to Compel on the grounds that the Motion was withdrawn, and no appearances were made.  (Docket No. 26 at 9.) Plaintiff's counsel concedes to this deduction.  (Docket No. 27 at 8.)  Accordingly, 1.7 hours will be deducted from Mr. Campbell's time spent preparing for and attending the hearing on plaintiff's Motion to Compel.

As for the meet and confer letters, plaintiff's counsel seeks fees for 6.4 hours spent drafting, reviewing, and revising these letters, which defendant also challenges on the grounds that these letters reflect minimal changes to boilerplate documents plaintiff's counsel has utilized in similar cases. (Docket No. 26 at 10.)  Again, the meet and confer letters in this case are virtually identical to those identified by defendants in similar cases.  (See Docket Nos. 26-5 (meet and confer letters in this case), 26-6 (nearly identical meet and

4

confer letters in another Song-Beverly case), 26-7 (nearly identical meet and confer letters in another Song-Beverly case)). 6.4 hours to draft, revise, and finalize template meet and confer letters is also excessive.  See, e.g., Owen, 2024 WL 3967691, at *5.  Accordingly, 1.8 hours will be deducted from Mr. Mendoza's time spent preparing these letters, 3.4 hours will be deducted from Ms. Larocque's time spent preparing these letters, and 0.6 hours will be deducted from Ms. Littles' time spent preparing these letters.

Lastly, defendants' counsel object to plaintiff's counsel's request for fees for 3.5 hours of work associated with drafting amended notices of depositions.  (Docket No. 26 at 11.) Defendants argue that, "[w]ith the exception of the date and time," these notices are "identical to the initial notice" of deposition.  (Id.)  That is indeed the case.  (See Docket Nos. 26-10, 26-11, 26-12, 26-13 (notice and amended notices of deposition).)[2]  As such, 3.5 hours to draft and finalize these amended notices is patently unreasonable, see, e.g., Owen, 2024 WL 3967691, at *5, so the court will reduce the time spent drafting and finalizing these amended notices to 0.1 hours per notice.[3]

_____

[2]    The court has closely scrutinized these documents, as well as the other documents defense counsel claims are nearly identical to documents plaintiff's counsel has used in similar litigation, both manually and with the aid of a built-in PDF comparison tool that highlights differences between documents. Based on doing so, the court agrees with defense counsel that these documents are boilerplate.

[3]    At oral argument, the court repeatedly asked plaintiff's counsel why large amounts of hours were billed for tweaking template motions.  Plaintiff's counsel, who appeared to be wholly

5

ii.   Hourly Rates

Plaintiff's attorneys billed at hourly rates ranging from $195 per hour to $650 per hour.  (See Docket No. 23-1 at 36-39.)   Defendants' counsel argue that these rates are "exorbitant, unjustified, and well outside the bounds of what courts in this District recognize as reasonable."  (Docket No. 26 at 4.)

"Sacramento, or the Eastern District of California more broadly, is the 'relevant community' for purposes of using an hourly rate to calculate a lodestar."  Sahota v. Mercedes-Benz USA, LLC, No. 2:24-cv-136 WBS AC, 2025 WL 1643979, at *2 (June 10, 2025) (citation and quotations omitted).  Many of the rates plaintiff's attorneys seek here exceed those typically awarded in this district.  See id.; see also Owen, 2024 WL 3967691, at *4 & nn.4-6 (comprehensively surveying hourly rates in Song-Beverly Act litigation in this district within the past five years).  The thorough survey in Owen regarding hourly rates in recent Song-Beverly Act litigation in this district established the following:

• The typical rate for attorneys who have been practicing for five years or less is between $200 and $250/hour;

• The typical rate for attorneys who have been practicing for more than five years but less than ten years is between $275 and $350/hour;

• The typical rate for attorneys who have been practicing for more than ten years but less than fifteen years is between $350 and $375;

unfamiliar with the work his firm performed on this matter, was unable to answer.

6

• The typical rate for attorneys who have been practicing for more than fifteen years but less than twenty years is between $400 and $500; and

• The typical rate for attorneys who have been practicing for more than twenty years but less than thirty years is $500.

• Courts in this district ordinarily reserve fees greater than $600 for attorneys who have been practicing for more than thirty years.

• For law clerks, the average rate is between $125 to $175.

2024 WL 3968691, at *4 (footnotes omitted).  The court adjusts the rates of plaintiff's attorneys pursuant to Owen as follows:[4]

| Attorney | Requested Rate | Year Admitted | Final Rate |
|---|---|---|---|
| Arabi, Mani | $495.00 | 2012 | $362.50 |
| Baker, Angel | $635.00 | 2003 | $500.00 |
| Campbell, Christopher | $495.00 | 2015 | $362.50 |
| Carvalho, Tionna | $550.00, $650.00 | 2014 | $362.50 |
| Chandy, Dhara | $375.00 | Provisionally licensed | $225.00 |
| Gibson, Mark | $485.00 | 2008 | $450.00 |
| Larocque, Elizabeth | $595.00, $650.00 | 2002 | $500 |
| Lawrence, Lillian | $390.00 | 2019 | $312.50 |
| Littles, Jami | $595.00 | 1998 | $500.00 |

---

[4]   The rates in the "Final Rate" column are the midpoints of the rate ranges identified by Judge Mueller in Owen.

7

| Mejia, Tara | $395.00 | 2022 | $225.00 |
|---|---|---|---|
| Mendoza, Albert | $390.00 | 2018 | $312.50 |
| Nguyen, Isabella | $195.00 | Law clerk | $150.00 |
| Ringstad, Alexus | $350.00 | 2022 | $225.00 |
| Sanaia, Nino | $385.00, $425.00, $435.00 | 2022 | $225.00 |
| Smith, Tyson | $475.00, $525.00 | 2014 | $362.50 |
| Winston, Brandon | $395.00 | 2018 | $312.50 |

### iii. Multiplier

Plaintiff's counsel also contends that the court should multiply the lodestar amount by 135% based on factors such as the "excellent outcome" they obtained, and the "substantial risks" posed by this litigation.  (Docket No. 23 at 15-16.)

"The court has rarely if ever increased attorneys' fees by a multiplier in analogous cases involving the same or peer defendants and similar causes of action."  Sahota, 2025 WL 1643979, at *3 (collecting cases).  Although counsel points to their representation of plaintiff on a contingency basis as evidence of the risk posed by this litigation, this litigation "did not involve any novel or difficult issues, plaintiff's counsel was not required to exercise any unusual skill and

8

nothing in the record shows counsel was precluded from taking other work."  Owen, 2024 WL 3967691, at *8; see also Ketchum, 24 Cal. 4th at 1132 (listing factors to be considered when determining multiplier, of which contingent nature of action is merely one).  While plaintiff's counsel suggests that the risk of delay between when work was performed and the instant motion merits their desired multiplier, "there is a risk and delay inherent in every contingency matter."  Salmeron v. Ford Motor Co., No. 2:18-cv-07266 SVW PLA, 2020 WL 9217979, at *6 (C.D. Cal. July 14, 2020) (citation omitted).

For the foregoing reasons, an upward multiplier is not warranted.

II.  Costs and Expenses

Plaintiff's counsel also seeks reimbursement for $4,525.10 in costs and expenses.  (Docket No. 23 at 17.) "Eastern District of California Local Rule 292(b) provides that a prevailing party must file a bill of costs within fourteen days" after the judgment or order under which the prevailing party may claim costs is entered.  Hypolite v. Zamora, No. 1:14-cv-01199 LJO SAB (PC), 2018 WL 4193188, at *2 (E.D. Cal. Aug. 31, 2018). "Local Rule 292 was drafted to comply with 28 U.S.C. § 1920, which states, 'A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.'"  McCarthy v. R.J. Reynolds Tobacco Co., No. 2:09-cv-2495 WBS, 2011 WL 4928623, at *6 (E.D. Cal. Oct. 17, 2011) (quoting 28 U.S.C. § 1920) (emphasis in original).

9

Plaintiff's counsel has not filed a bill of costs as required under 28 U.S.C. § 1920 and Local Rule 292(b). Accordingly, the court will deny their request for costs and expenses.  See Singh v. Pooni, No. 2:14-cv-02146 JAM DB, 2017 WL 1349742, at *3 (E.D. Cal. Apr. 5, 2017) (denying request for costs due to failure to file bill of costs).

IT IS THEREFORE ORDERED that plaintiffs' motion for attorneys' fees, costs, and expenses (Docket No. 23) be, and the same hereby is, GRANTED IN PART and DENIED IN PART. Plaintiff is hereby awarded $26,210.00 in attorneys' fees.

IT IS SO ORDERED.

Dated:   February 18, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE